UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GLADYS JOHNSON ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | Cause No.  4:14-cv-1700 |
| ) | |
| CITY OF WELLSTON, ) | |
| ) | **JURY TRIAL DEMAND** |
| and ) | |
| ) | |
| SGT. EVERETT JAMES #700 ) | |
| ) | |
| ) | |
| Defendants ) | |

## COMPLAINT

COMES NOW Plaintiff, Gladys Johnson, by and through counsel, Raphael Morris, and for her causes of action states that:

## FACTS

1. On or about October 10, 2011, Plaintiff, Gladys Johnson, responded to The City of Wellston Police Department to bring medication to her son, Paul Taylor, who was confined there.

2. Sergeant Everett James, a police officer with the City of Wellston Police Department, placed Plaintiff under arrest for disorderly conduct after words were exchanged between Plaintiff, a police clerk and Defendant James.

3. While placing Plaintiff under arrest and despite complaints, by Plaintiff, of the amount of force being used by Defendant James, Defendant James fractured Plaintiff's arm.

4.   Plaintiff was injured while complying with all directives of Defendant James.

5.   Plaintiff was injured as a result of Defendant James' actions.

6.   On or about October 10, 2011, Defendant James was on duty at all times relevant to this complaint and was a duly appointed police officer for the City of Wellston.

## JURISDICTION AND VENUE

7.   The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 USC 1983; the Judicial Code, 28 USC 1331 and 1343 (a); The Constitution of the United States; and this Court's supplementary jurisdiction powers.

8.   This Court has jurisdiction pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1331.  Plaintiff's claims for relief are cognizable under 42 U.S.C. §§1983 and 1988, and under Missouri State law.  Plaintiff invokes the supplemental jurisdiction of the Court to hear and decide their claims arising under Missouri State law.

9.   Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because the Defendants are located and all incidents giving rise to this suit occurred in this judicial district.

## PARTIES

10.  Plaintiff Gladys Johnson is a resident of the State of Missouri and of the United States.

11. Defendant Everett James was at all times relevant hereto employed by and acting on behalf of the City of Wellston Police Department.

12. Defendant City of Wellston, Missouri is a municipal corporation organized and existing pursuant to Missouri law.  The City of Wellston is in St. Louis County, Missouri, which is within the Eastern District of Missouri.  The City acted by and through its policymakers, agents and employees and acted under color of law in all respects set forth herein.

13. Defendant Everett James was a police officer employed by the City of Wellston who acted under color of law.  Defendant Everett James is sued in his individual capacity.

## CAUSES OF ACTION

### COUNT I

### EXCESSIVE USE OF FORCE AGAINST GLADYS JOHNSON BY DEFENDANTS IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION 42 U.S.C. § 1983

14. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 13 as though fully set forth herein.

15. The physical force used by Defendant James against Plaintiff was unreasonable and excessive.

16. The acts of Defendant James were committed without just cause or provocation.

17. Plaintiff Johnson was unable to defend herself and did not attempt to defend herself from the physical contact of Defendant James.

18. Defendants caused the violations of Plaintiff's constitutional rights by their acts, direct and indirect, and by their omissions. Defendants are jointly and severally liable for Plaintiff's damages.

19. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff suffered injury and damages.

20. The acts, conduct, omissions and failures to act by Defendants showed reckless and/or callous disregard to Plaintiff's constitutional rights. Their conduct warrants an award of punitive damages to punish them and to deter them and others from acting in a like manner in the future.

21. If Plaintiff prevails, she is entitled to an award of attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays judgment against Defendants, jointly and severally, for compensatory damages, for punitive damages and for attorney's fees and the costs of litigation and for other relief as is appropriate under the law.

## COUNT II

### PLAINTIFF GLADYS JOHNSON'S CAUSE OF ACTION AGAINST THE CITY OF WELLSTON, MISSOURI IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSITUTION 42 U.S.C. § 1983

22. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 21 as though fully set forth herein.

23. Prior to October 10, 2011, the City of Wellston, Missouri developed and maintained customs exhibiting deliberate indifference to the constitutional rights of persons in Wellston, Missouri, which caused multiple violations of the constitutional rights of Plaintiff.

4

24. **Failure to Train – Use of Force.** The City of Wellston, Missouri has failed to effectively train, supervise, discipline and control the people it employs as police officers regarding the appropriate use of force against citizens.

25. **Unconstitutional Custom and Practice – Use of Force.** Further, it was the policy and custom of the City of Wellston, Missouri to inadequately and improperly investigate citizen complaints of inappropriate and excessive police use of force against citizens and acts of excessive use of force were tolerated by the City of Wellston.

26. **Failure to Train – Citizen Detention.** Further, the City of Wellston, Missouri has failed to effectively train, supervise, discipline and control the people it employs as police officers regarding the appropriate detention, holding or confinement of citizens.

27. **Failure to Train – Medical.** Further, the City of Wellston, Missouri has failed to effectively train, supervise, discipline and control the people it employs as police officers regarding providing timely medical attention to citizens known to be injured in its custody or control.

28. Therefore, the City of Wellston, Missouri's policies and customs and failures to effectively train, supervise, discipline and control the people it employs as police officers led to the deprivation of Gladys Johnson's constitutional rights.

29. If Plaintiff prevails, she is entitled to an award of attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays judgment against Defendant City of Wellston, Missouri for compensatory damages and for attorney's fees and the costs of litigation and for other relief as is appropriate under the law.

## COUNT III

### ASSAULT AND BATTERY OF GLADYS JOHNSON BY DEFENDANT JAMES UNDER STATE LAW

30. Plaintiff incorporates by this reference the allegations in paragraphs 1 through 29 as though fully set forth herein.

31. The act of Defendant James arresting Plaintiff Johnson with such force and placing her arm behind her back in a manner that caused her to be injured was committed without just cause or provocation, and with the intent to cause Plaintiff Johnson offensive contact and apprehension of bodily harm, constitutes an intentional assault and battery against Ms. Johnson.

32. As a direct and proximate result of the acts of Defendant James showed reckless and/or callous disregard to Plaintiff Johnson. His conduct warrants an award of punitive damages to punish him and to deter him and others from acting in a like manner in the future.

WHEREFORE, Plaintiff prays judgment against Defendant Everett James for compensatory damages, for punitive damages and the costs of litigation and for other relief as is appropriate under the law.

## COUNT IV

### FALSE ARREST AND FALSE IMPRISONMENT BY DEFENDANT EVERETT JAMES COGNIZABLE UNDER STATE LAW

33. Plaintiff incorporates by this reference the allegations in paragraphs in 1through 32 as though fully set forth herein

34. Defendant James at such times as previously set forth herein, intentionally caused the detention and restraint of Plaintiff against her will without probable cause that Plaintiff had committed any crime

35. The conduct of Defendant James in exercising dominion and control over the freedom of Plaintiff was an intentional restraint of Plaintiff against her will.

36. As a direct and proximate result of Defendant causing the detention and restraint of Plaintiff as afore-described, Plaintiff suffered emotional distress and mental anguish.

37. The acts of Defendant James as afore-mentioned were intentional, wanton, malicious and oppressive and the result of evil motive or reckless indifference, thus entitling Plaintiff to an award of punitive damages against Defendant James.

WHEREFORE, Plaintiff prays for judgment against Defendant Everett James for compensatory damages in an amount that is fair and reasonable and for punitive damages, plus attorney fees and such other relief as the Court deems fair and appropriate under the circumstances.

Respectfully submitted,

s/*Raphael Morris II*

_____
Raphael Morris II #55245MO
Attorney for Plaintiffs
2117 Olive Street
St. Louis, MO  63103
(314) 241-5900 PHONE
(314) 241-5902 FAX
rm@themorrisfirmSTL.com EMAIL

Case: 4:14-cv-01700-NCC   Doc. #:  1   Filed: 10/06/14   Page: 8 of 8 PageID #: 8